UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE ROBINSON #427705,

       Plaintiff,                                    Case No.  05-70751

v.                                                           District Judge Gerald E. Rosen
                                                       Magistrate Judge R. Steven Whalen

WAYNE COUNTY JAIL, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On February 28, 2005, Plaintiff filed a civil rights action alleging Fourth, Eighth, and Fourteenth Amendment violations by Defendants following his February 25, 2002 arrest. Before the Court is *Motion for Summary Judgment on all Claims* pursuant Fed.R.Civ.P. 12(b) and 56(b) [Docket #21] by Defendants Wayne County Jail, Cox, and Mozug, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1] For the reasons set forth below, I recommend GRANTING Defendants' motion, dismissing the case WITH PREJUDICE.

**I. FACTUAL BACKGROUND**

---

[1] On May 22, 2006, Plaintiff stipulated to Defendant Mozug's dismissal [Docket #31]. Therefore, claims pertaining to Mozug will be omitted from discussion.

Plaintiff, a prisoner within the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility, filed suit against Defendants on February 28, 2005. Plaintiff makes the following allegations. On February 25, 2002, Plaintiff was arrested for first degree murder and five counts of assault with intent to murder. *Complaint* at ¶12. After he had been registered and processed, on February 27, 2002 he was transferred to a psychiatric ward. *Id*. at ¶13. On the following night, after Plaintiff had fallen asleep, nine other inmates entered his unlocked cell, then proceeded to assault him. *Id*. at ¶18. Officer Cox witnessed the nine inmates exiting the cell. *Id.* at ¶19. After prison staff sought medical intervention, Plaintiff was transported to Detroit Receiving Hospital, where he received treatment. *Id*. at ¶20-21. Upon Plaintiff's return to the jail, he was placed in protective custody. *Id*. at ¶21.

Plaintiff alleges further that during his stay in protective custody, prison staff continually rebuffed his efforts to obtain grievance forms. *Id*. ¶22-23. He also states that Defendant Cox falsely reported to investigators that shortly before the assault, Plaintiff was seen talking, laughing, and playing cards with other prisoners, when in fact Plaintiff had no contact with any other inmate. *Id.* at ¶28. Plaintiff asserts that because no grievance procedure was available, he has exhausted his administrative remedies for the purposes of this lawsuit. *Id.* at ¶33. He requests monetary damages along with declaratory and injunctive relief.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III. ANALYSIS[2]

### Failure to Protect

Defendants argue that Plaintiff's allegation that he was assaulted by other inmates fails to state an Eighth or Fourteenth Amendment claim. *Motion* at 9. They maintain that Plaintiff's action, construed as a failure-to protect-claim, founders on the absence of support for his allegation that Defendant Cox was deliberately indifferent to his danger. *Id.* Defendants also contend that Cox's behavior was not objectively unreasonable; thus the action is dismissible on the basis of qualified immunity. *Id*. at 9.

Although pretrial detainees' rights are based on the Fourteenth Amendment's Due Process Clause, they are analogous to the Eighth Amendment rights of prisoners, *see Barber*

---

[2]Defendants argue, among other things, that Plaintiff has failed to exhaust his administrative remedies, pointing out that he has not presented evidence demonstrating that he complete the grievance procedure before filing suit. *Motion* at 14. Plaintiff counters that he unsuccessfully requested complaint forms on numerous occasions. *Complaint* at 22-23. Because Plaintiff's claim is subject to dismissal with prejudice for the reasons set forth below, the Court need not discuss dismissal on the basis of exhaustion. 42 U.S.C.A. § 1997e (c)(2) states that "in the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief", the "court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

However, the Court notes with great concern that although Defendants include a two-page blurb on the general principles of administrative exhaustion, they do not address Plaintiff's allegations that he denied was forms, stating irrelevantly that Plaintiff received "a blank Recipient Right Form upon registration." *Motion* at 15, Exhibit C. However, Exhibit F, page 11 of the same motion indicates that the grievance procedure is different from the "Recipient Right Form," stating that "grievance forms may be obtained from any staff member or written on a plain sheet of paper." Plaintiff asserts that he was unable to obtain even a paper or pencil before he was transferred back into the general prison population on April 24, 2002. *Complaint* at ¶22.

*v. City of Salem, Ohio,* 953 F.2d 232, 235 (6th Cir. 1992), in order "to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir. 1985). Thus, Plaintiff's claims will be analyzed under an Eighth Amendment paradigm.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement," including "reasonable measures to guarantee the safety of the inmates." *Spencer v. Bouchard* 449 F.3d 721, 727 (6th Cir. 2006); *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 128 L.Ed.2d 811 (1994)(internal citations omitted). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer,* 511 U.S. at 833, 114 S.Ct. at 1976. However, to establish an Eighth Amendment claim of deliberate indifference, "the plaintiff must allege facts which, if true, would show that the official being sued perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Linden v. Washtenaw County,* 167 Fed.Appx. 410, 416 (6th Cir. 2006)(unpublished); *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff cannot demonstrate a "failure-to-protect" violation by Defendant Cox, much less a claim that he acted in concert with the assaulting inmates. First and most importantly, Plaintiff's own admissions indicate that Cox was unaware of a substantial risk to his safety. Plaintiff disputes Cox and nurse Michael Drew's statements that they observed Plaintiff interacting pleasantly with other prisoners in the hours prior to the assault and thus establishing that they were unaware that he was at peril. *Motion*, Exhibits G and H.

Plaintiff states instead that he "remained asleep that entire day without eating, talking, or playing cards with anyone. I did not . . . talk about my case with anyone." *Response* at 2. This statement stands completely at odds with Cox and Drew's account of events, but nonetheless supports Cox's position he neither witnessed other inmates expressing hostility nor received notice from Plaintiff of an impending threat.

Next, as noted by Defendants, Plaintiff premises his claim that Cox was complicit in the assault by alleging that he allowed his cell door to remain open after the 9:00 p.m. lock-down mandated by jail policy. *Complaint* at ¶16, 18. However, Exhibit F, page 8 ¶14 of Defendants' motion indicates that lock-down occurs at 10:00 rather than 9:00 p.m. Further, assuming that the proper lock-down time was 9:00 p.m., the original incident report, created immediately following the attack, belies Plaintiff's claim that the incident took place after 9:00 p.m., indicating instead that the report describing the incident was submitted at 8:56 p.m. *Motion*, Exhibit A.

Finally, Cox's actions at the time of the assault detract from Plaintiff's claims that his failure to act created a constitutional violation, either through deliberate indifference or a malicious intent to harm him. While Plaintiff's admission that he slept all day defeats his allegation that Cox could have reasonably inferred that he was in danger, Plaintiff claim is further undercut by the fact that he does not dispute that during the assault, Cox immediately began flashing ward lights, calling for backup assistance, and yelling for a lock-down. *Motion*, Exhibit A. Defendant Cox's behavior during the incident lends additional credence

to his contention that he was not deliberately indifferent to Plaintiff's danger.[3]

Because there was no violation of Plaintiff's constitutional rights, Defendant Cox is also entitled to summary judgment on the basis of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Higgason v. Stephens*, 288 F.3d 868, 876-877 (6th Cir. 2002). Under *Saucier*, the threshold question is whether a constitutional violation occurred. If it did not, Defendant acting in the course of his official duties is protected by qualified immunity. Because the case is decided "under the first prong of *Saucier*'s two part qualified immunity inquiry, we do not reach the second prong of that inquiry." *Dunigan v. Noble,* 390 F.3d 486, 495 (6th 2004).

Likewise, Plaintiff's failure to establish the existence of a constitutional violation defeats his claims against Defendant Wayne County Jail.[4] In the absence of a causal

---

[3]Plaintiff's response to the summary judgment motion, filed only 11 days ago, makes the following allegations for the first time: As he was admitted to the psychiatric unit the officer accompanying him introduced him to Defendant Cox by saying "We have a baby killer here," to which Cox responded "Well, well, well, we'll see what we can do about that." *Response*, Statement of Facts, at ¶8. Plaintiff also alleges that prior to meeting Cox, the accompanying officer threatened him, stating that he would arrange for others in his ward to assault him. *Id.* at ¶6

Assuming that the additional information (presented for the first time 18 months after the complaint was filed) is credible, the claim against Cox is nonetheless subject to dismissal. First, Plaintiff did not file suit against the office who allegedly threatened him, although he amended his complaint a number of months into the lawsuit [Docket #16]. Second, Cox was not present at the time the other officer made the threat. Third, Cox's statement "Well, well, well . . ." cannot by itself be interpreted to indicate that Cox arranged for prisoners to attack Plaintiff was deliberately indifferent to his subsequent assault.

[4]Defendants state that Defendant Wayne County Jail is not subject to suit under 42 U.S.C. §1983. Since the claim is dismissible on its merits, the Court will not delve into alternative grounds for dismissal.

-7-

connection between the unconstitutional policy and the actual violation, (in this case, no violation) municipal liability cannot be considered.  "If a person has suffered no constitutional injury at the hands of the individual . . . the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."  *Doe v. Sullivan County, Tenn.*,  956 F.2d 545, 553 (6th Cir. 1992).

## IV. CONCLUSION

I recommend, for the reasons stated above to GRANT Defendants' motion, dismissing the case WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                S/R.  Steven Whalen
                                                R.  STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated:  September 5, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 5, 2006.

                                                S/Gina Wilson
                                                Judicial Assistant